THE STATE on the relation of MAYER HAHN v. DANIEL STIN-
SON.

*Election—Evidence—Burden of Proof—Pleading.*

1. The presumption is that all votes received by the proper officers at an
   election are legal, and the burden is on him who alleges the con-
   trary to prove it.

2. Where the complaint alleged that the relator was duly elected by a
   majority over the defendant, a demurrer, for that the complaint did
   not allege that he received a majority of the "*legal* votes cast," is
   bad.

3. The other questions presented in the record are governed by the rul-
   ings of *Gatling* v. *Boone, ante,* 573.

CIVIL ACTION, tried before *Shipp, Judge,* at February Term,
1887, of CRAVEN Superior Court, upon complaint and de-
murrer.

The relator alleged that he had been elected Sheriff of
Craven county, over the defendant, "by a majority of three
hundred and twenty votes, and by a large majority over
other persons voted for," at the election held in November,
1886, but that the Board of County Canvassers had unlaw-
fully rejected certain returns and declared the defendant
elected, and that the latter had been inducted into and was
performing the duties and receiving the emoluments of the
office.

The defendant demurred, assigning among other grounds:
"*Third.* In that the complaint does not allege that the
relator received a majority of the legal votes cast at said
election."

The Court overruled the demurrer and the defendant ap-
pealed.

*Messrs. H. R. Bryan* and *M. D' W. Stevenson,* for the plaintiff.
*Messrs. W. W. Clark* and *C. M. Busbee,* for the defendant.

MERRIMON, J.   The third ground of demurrer assigned is that it is not alleged in the complaint that the relator received a majority of the "legal votes" cast at the election, the result of which is in question.

The law does not allow any but such votes to be cast; and when the proper officers receive a vote in the way prescribed by law the presumption is that it is legal, and it must be so regarded and treated until the contrary shall be shown by some person who shall, in a proper action or proceeding for the purpose, allege its illegality.   The relator alleges expressly, among other material things, that he received a majority of over two hundred of the votes cast in the county named, at the election.   This is sufficient.   The allegation that he received such majority implies a majority of the " legal votes," because, nothing to the contrary appearing, the votes cast were legal, and it is not necessary to do more than allege the vote cast according to its *prima facie* legal effect. On the trial, if an issue of fact shall be raised, it will be sufficient for the relator to show that he received a majority of the votes cast, and the burden will then be on the defendant to show that such votes, or any number of them, were for any cause illegal.

The allegation is appropriate to raise a proper issue, if the defendant shall see fit to raise it.   It is always sufficient in pleading to allege matters and things according to their legal quality and effect, unless there shall be special reason for superadding something otherwise.

The law, as settled in *Gatling* v. *Boone,* decided at the present term, is applicable to and must be conclusive of this case adversely to the appellant.   There is no error.

Affirmed.